**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISON**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **TRANS WORLD SERVICES, INC** | § | **CASE NO. 18-32660** |
| | § | |
| | § | |
| **Debtor** | § | **Chapter 11** |

**TRANS WORLD SERVICES, INC**
**PLAN OF REORGANIZATION**
**February 1, 2019**

In accordance with 11 U.S.C. §1121 and §1106, Debtor, **TRANS WORLD SERVICES, INC** ("Debtor") files this Plan of Reorganization as follows:

**1. DEFINITIONS**

For purposes of this Plan of Reorganization, the following terms and definitions shall have the following meanings unless the context clearly indicates otherwise:

> **1.1**
> **"Administrative Claim"** means any Claim constituting a cost or expense of administration of the Chapter 11 Case allowed under subsections 503(b) and 507(a)(1) of Bankruptcy Code, including, without limitation, any actual and necessary expenses of preserving the estate of the Debtor, any actual and necessary expenses of operating the business of the Debtor, all compensation or reimbursement of expenses to the extent allowed by the Bankruptcy Court under section 330 or 503 of the Bankruptcy Code, and any fees or charges assessed against the estate of the Debtor under section 1930, chapter 123 of title 28 of the United States Code.

> **1.2**
> **"Administrative Claimant"** means any Person, including a Professional, entitled to payment on account of an Administrative Claim.

> **1.3**
> **"Allowed,"** when used with respect to a Claim means a Claim (i) to the extent it is not Contested; or (ii) a Disputed Claim, proof of which was filed timely with the Bankruptcy Court, and (A) as to which no objection was filed by the Objection Deadline, unless such Claim is to be determined in a forum other than the Bankruptcy Court, in which case such Claim shall not become Allowed until determined by Final Order of such other forum and allowed by Final Order of the Bankruptcy court; or (B) as to which an objection was filed by the Objection Deadline, to the extent allowed by a Final Order. "Allowed," when used with respect to an Administrative Claim of a Professional shall mean an Administrative

Claim approved by application to the Bankruptcy Court and entry of a Final Order approving such Administrative Claim.

**1.4**
**"Bankruptcy Code"** means the Bankruptcy Reform Act of 1978, as amended and codified at Title 11 of the United States Code.

**1.5**
**"Business Day"** means any day other than Saturday, Sunday, a legal holiday or a day on which national banking institutions in Texas are authorized or obligated by law or executive order to close.

**1.6**
**"Claim"** shall have the meaning set forth in section 101(5) of the Bankruptcy Code.

**1.7**
**"Confirmation"** shall mean the approval by the Court of the Plan.

**1.8**
**"Confirmation Date"** means the date of entry of the Confirmation Order.

**1.9**
**"Confirmation Hearing"** means the hearing conducted as it may be continued from time to time by the Bankruptcy Court pursuant to section 1128 of the Bankruptcy Code and Bankruptcy Rule 3020(b) to consider confirmation of the Plan.

**1.10**
**"Confirmation Order"** means an order entered by the Court confirming the Plan in accordance with the provisions of chapter 11 of the Bankruptcy Code.

**1.11**
**"Court"** shall mean the United States Bankruptcy Court for the Southern District of Texas, Houston Division, including the Bankruptcy Judge presiding in the Chapter 11 case of the Debtor.

**1.12**
**"Creditors"** shall mean all creditors of the Debtor holding claims for debts, liabilities, or demands of any character whatsoever, as defined in section 101(10) of the Bankruptcy Code.

**1.13**
**"Debtor"** shall mean **TRANS WORLD SERVICES, INC.**

**1.14**
**"Debtor's Assets"** shall mean all right, title and interest in and to all property of every kind or nature, whether known or unknown, owned by Debtor or the Estate, including,

but not limited to, any cash, real property interests, tax refunds, equipment, furniture, or other tangible property. accounts receivable, work-in-process, contract rights, insurance policies, intangible property, books and records, and whether known or unknown, causes of action, including, but not limited to, (i) all claims and rights against insiders and affiliates of Debtor and third parties and (ii) all claims and rights arising under or related to the Bankruptcy Code, including but not limited to, sections 362, 505, 506, 510, 541, 542, 543, 544, 545, 547, 548, 549, 550, 551, 552 and 553 of the Bankruptcy Code.

1.15
**"Disputed Claim"** shall mean a Claim against the Debtor (a) that is listed in the Debtor's Schedules as disputed, contingent, or unliquidated; (b) that is listed in the Debtor's Schedules as undisputed, liquidated, and not contingent and as to which a proof of Claim has been filed with the Court, to the extent the proof of Claim amount exceeds the scheduled amount; (c) that is not listed in the Debtor's Schedules, but as to which a proof of Claim has been filed with the Bankruptcy Court; or (d) as to which an objection has been or may be timely filed and has not been denied by Final Order. To the extent an objection relates to the allowance of only a part of a Claim, such Claim shall be a Disputed Claim only to the extent of the objection.

1.16
**"Disputed Claim Fund"** shall mean that account established by the Reorganized Debtor for the purpose of holding Dividends on claims that are disputed Claims at the time of a Distribution Date.

1.17
**"Distribution Date"** shall mean that date designated by the Plan on which distribution are to be mailed as provided in the Plan.

1.18
**"Distribution Fund"** shall mean that account established by the Reorganized Debtor for purpose of payment of Dividends to Allowed Unsecured Claims.

1.19
**"Dividend"** shall mean a payment in cash in the amount provided by the Plan for a designated class of claimants.

1.20
**"Effective Date"** shall mean the Business Day that is 30 days after the Plan is confirmed.

1.21
**"Final Order"** shall mean an Order of the Court which, not having been reversed, modified or amended and not being stayed, and the time to appeal from which, or to seek review or certiorari or rehearing, has expired and such Order has become conclusive upon all matters adjudicated thereby, and in full force and effect.

**1.22**
**"Insider"** shall have that meaning defined by 11 U.S.C. §101 (31).

**1.23**
**"Official Committee of Creditors"** shall mean those creditors appointed by the Office of the United States Trustee to serve in this Case.

**1.24**
**"Plan"** shall mean this Plan of Reorganization in its present form, or as it may be amended or supplemented from time to time.

**1.25**
**"Priority Claim"** means those Allowed Claims which are entitled to the priority provided for under section 507(a) of the Bankruptcy Code.

**1.26**
**"Pro Rata"** shall mean the amount which is the result of multiplying the funds available to a named class of creditors by the fraction in which the numerator is the allowed amount of a particular claim in the named class, and the denominator is a total of the allowed amounts of all claims on the named class, to be recalculated at the time of each disbursement.

**1.27**
**"Reorganized Debtor"** shall mean the Debtor after the entry of Order Confirming Plan.

**1.28**
**"Secured Claim"** shall mean a Claim secured by a perfected valid and enforceable lien on property in which the Debtor has an interest, of a value determined in accordance with 11 U.S.C. §506(a), or as may otherwise be determined in the course of Claim allowance under this Plan or the Bankruptcy Rules and law.

**1.29**
**"Secured Tax Claim"** shall mean a claim described in 11 U.S.C. §507(a)(8) together with all accrued interest and penalties, which is also a Secured Claim.

**1.30**
**"Substantial Consummation"** shall occur upon the payment of the First Distribution under the Plan.

**1.31**
**"Unsecured Claim"** means any Claim that is not a Secured Claim, Administrative Claim or Priority Claim.

## 2. GENERAL TERMS AND CONDITIONS

This Plan is intended to deal with all claims against the Debtor of whatever character, whether or not contingent or liquidated, and whether or not allowed by the Court pursuant to section 502(a) of the Bankruptcy Code. However, only those claims allowed pursuant to section 502(a) of the Bankruptcy Code will receive treatment afforded by the Plan in Section 4.

## 3. TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS

**3.1**
Payment of Administrative Expense claims. Each holder of an Administrative Claim that becomes an Allowed Administrative Claim prior to the Effective Date shall receive without interest on the Effective Date the amount of such claim, unless such holders have agreed to a different treatment of such claim. An Administrative Claim that becomes an Allowed Administrative Claim on or after the Effective Date shall receive without interest within fifteen (15) days of such Administrative Claim becoming an Allowed Administrative Claim the amount of such claim. Except as provided in section 4.1, a claim for an Administrative Claim shall be forever barred and shall not be enforceable against the Debtor, the Plan Trust, the Reorganized Debtor, or their respective properties, agents, successors or assigns, unless a request for payment of Administrative Claim is filed with the Court and served upon the Reorganized Debtor and Debtor's counsel no later than sixty (60) days after the Confirmation Date.

**3.2**
Payment of United States Trustee Fees Incurred Prior to Confirmation. All fees incurred pursuant to 28 U.S.C. §1930(a)(6) for time periods prior to entry of the Confirmation Order shall be paid by the Debtor on or before the Effective Date from its D-I-P Bank Account.

**3.3**
Payment of United States Trustee Fees Incurred Subsequent to Confirmation. All fees incurred pursuant to 28 U.S.C. §1930(a)(6) for time periods subsequent to entry of Confirmation Order shall be paid by the Reorganized Debtor from its assets. After Confirmation, the Reorganized Debtor shall file with the court and serve on the United States Trustee a monthly financial report for each month (or portion thereof) the case remains open in a format prescribed by the United States Trustee and provided to the Reorganized Debtor by the United States Trustee. United States Trustee Quarterly Fees will accrue until this case is closed by the Court or converted to Chapter 7.

**3.4**
Payment to Professionals. Claims of professionals for services provided and expenses incurred prior to the Effective Date shall be deemed Administrative Claims and shall be paid as provided in section 4.1 of the Plan; provided however, that notwithstanding the provisions of section 4.1, requests for payment of claims of professionals as Administrative Claims shall be filed with the Court and served on the Official Committee

of Creditors, Reorganized Debtor, Debtor's counsel and the United States Trustee within thirty (30) days of the Effective Date. All such claims not so filed will be forever barred and shall not be enforceable against the Debtor, the Reorganized Debtor, or their respective properties, agents, successors or assigns. Claims of professionals for the services rendered and expenses incurred after the Effective Date shall be paid as agreed by the Reorganized Debtor from its Property.

## 4. PLAN TREATMENT AND IMPLEMENTATION

### Means for Execution of the Plan

Debtor plans to finance its repayment plan of reorganization through continued operation of its wholesale auto parts sales business.

## 4.1  Classes of Claims

**Class 1 Allowed Administrative Claims**

These claims shall be paid in cash and in full on the Effective Date, the date on which such claim becomes an Allowed Claim or on such later date as the Debtor and the Holder of any Class 1 Administrative Claims shall agree.

A.    The U.S. Trustee fees will be paid as a Class 1 claimant if any are owed on the Effective Date. The Debtor shall be responsible for timely payment of United States Trustee quarterly fees incurred pursuant to 28 U.S.C. §1930(a)(6). Any fees due as of the date of confirmation of the plan will be paid in full on the effective date of the plan. After confirmation, the Debtor shall pay United States Trustee quarterly fees as they accrue until this case is closed by the Court. The Debtor shall file with the Court and serve on the United States Trustee a quarterly report for each quarter that the case remains open.

B.    Additionally, the Debtor's attorney's fees will be paid in Class 1 after approval of the Court. It is estimated that the Debtor's attorney's fees will be less than $20,000.00. Also, the Debtor's C.P.A. fees will be paid in Class 1 after approval of the Court. It is estimated that the Debtor's accountant's fees will be approximately $7,500.00.

## 4.2  Classes of Secured Claims

Allowed Secured Claims are claims secured by property of the Debtor's bankruptcy estate (or that are subject to set off) to the extent allowed as secured claims under § 506 of the Code. If the value of the collateral or setoffs securing the creditor's claim is less than the amount of the creditor's allowed claim, the deficiency will be classified as a general unsecured claim.

**Class 2 – Secured Claim of JPMorgan Chase Bank N.A. – Impaired**

Class 2 consists of the secured claim of JPMorgan Chase Bank N.A.

**Secured Claim of JPMorgan Chase Bank N.A.** This claim shall be paid in sixty (60) monthly installments of $7,936.71 beginning on the Effective Date of the plan at an interest rate of (7.090%). This Class 2 creditor shall retain its statutory liens. Default shall occur if a scheduled Plan payment is not made by the Debtor. In the event of default, this class 2 creditor shall send written notice of default to Debtor's attorney. If the default is not cured within ten (10) days after notice of default is received, the creditor shall proceed with its state law remedies for collection of all amounts due under state law pursuant to Texas law. The claim of JPMorgan Chase Bank in the amount of $399,961.48 shall be paid in sixty (60) equal monthly installments of $7,936.71 until paid in full.

**Please note, Debtor's president, Mohammad H. Samana, is a personal guarantor for this secured creditor claim. No guarantors of the debt owing by the Debtor shall be discharged or released from any liability for claims under the Plan.**

### 4.3 Classes of Unsecured Priority Claims

**Class 3 –Unsecured Claims of Internal Revenue Service - Impaired**

Class 3 consists of the allowed unsecured priority claim of Internal Revenue Service. This claim shall be paid in full. The monthly payment shall be $1,612.00 paid in sixty (60) equal installments, beginning 180 days after the Effective Date of Debtor's plan. Its claim totals $96,708.02.

**Class 4 - Unsecured Claims of Comptroller of Public Accounts – Impaired**

Class 4 consists of the allowed unsecured priority claim of Comptroller of Public Accounts. This claim shall be paid in full. The monthly payment shall be $1,500.00 paid in two (2) equal installments beginning 180 days after the Effective Date of Debtor's plan. This claim totals $3,000.00.

**Class 5 - Unsecured Claims of Franchise Tax Board – Impaired**

Class 5 consists of the allowed unsecured priority claim of Franchise Tax Board. This claim shall be paid in full. The monthly payment shall be $1,261.00 paid in two (2) equal installments beginning 180 days after the Effective Date of Debtor's plan. This claim totals $2,521.38.

### 4.4 Classes of General Unsecured Claims

**Class 6 - General Unsecured Claims - Impaired**

Class 6 consists of General unsecured claims that are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code. The Debtor proposes to pay Class 6 claimants' forty percent (40%) of each allowed claim. These claims shall be paid in fifty-four (54) equal monthly installments beginning 180 days after the Effective Date of Debtor's plan. The claims are as follows:

| Creditor's | Amounts |
|---|---|
| a. Internal Revenue Service | $24,987.99 |
| b. Hyundai Motor America, Inc. | $15,000.00* |
| c. Denso Products & Services Amer. Inc | $87,330.59 |
| d. FedEx-Express 1702-5475-9 | $38,984.66 |
| e. Genuine Parts Source | $35,593.17 |
| **Total** | **$201,896.41** |

*****Debtor will file an Objection to Claim Number 11, filed by Hyundai Motor America, Inc. in the amount of $3,644,000.00. The amount listed above for this creditor is the amount Debtor believes is the total amount due.**

**Class 7 - General Unsecured (Small Claims) - Impaired**

Class 7 consists of general unsecured claims less than thousand ($10,000.00) dollars, or any other general unsecured creditor that chooses reduction of its claim to less than $10,000.00. Pursuant to §1122(b) of the Code, Class 7 is an administrative convenience class that avoids exceptionally small payments throughout the entire length of the plan. These claims shall be paid in twenty-four (24) equal monthly installments beginning thirty (30) days after the Effective Date of Debtor's plan. The Debtor proposes to pay Class 7 claimants' forty percent (40%) of each allowed claim The claims are as follows:

The claims are as follows:

| Creditor's | Amounts |
|---|---|
| a. American Express National Bank (BMA) | $8,800.24 |
| b. American Express National Bank (SP) | $8,478.95 |
| c. ADT | $ 122.98 |
| d. Bayside Heating and Air Conditioning | $ 150.00 |
| e. Estes Express Lines | $3,306.12 |
| f. Broussard Logistics | $3,446.68 |
| g. Dedicated Delivery Professionals | $2,443.01 |
| h. DSV AIR & SEA INC | $7,962.95 |
| i. TXU Energy Retail Company LLC | $1,460.85 |
| j. Hartford | $3,963.65 |
| k. Protection 1 | $ 153.08 |
| l. Sage Covina Chevrolet | $7,086.00 |
| m. West Covina Nissan | $ 88.14 |
| **Total** | **$47,462.65** |

**5. MEANS FOR EXECUTION OF THE PLAN**

**5.1 Vesting of Property of the Estate in the Reorganized Debtor**

On the Effective Date of the Plan all property of the Debtor and of the Estate shall vest in the Reorganized Debtor free and clear of liens, claims, interests and encumbrances arising on or before the Effective Date, except as otherwise provided in the Plan or the Confirmation Order. If the Reorganized Debtor defaults in performing under the provisions of this Plan and this case is converted to a case under Chapter 7 prior to Substantial Consummation of this Plan, all property vested in the Reorganized Debtor and all subsequently acquired property owned by the Reorganized Debtor as of or after the conversion date shall revest in the Debtor and constitute property of the bankruptcy estate in the converted case.

In addition to any rights specifically provided to a Claimant treated pursuant to the Plan, a failure by the Reorganized Debtor to make a payment to a creditor pursuant to the terms of the Plan shall be an event of default to that creditor under the Plan. If the Reorganized Debtor fails to cure an event of default as to such payments within ten (10) days after delivery of a written notice of default from such creditor, then such creditor may exercise any and all rights and remedies under non-bankruptcy law to collect such claim, including its rights as a judgment creditor if the Claimant is a judgment creditor of Debtor, or seek such relief as may be appropriate in the United States Bankruptcy Court. In the event of default as to a creditor, nothing in the Plan or order confirming Plan shall: (i) impact such creditor's lien rights that existed as the date of the filing of Debtor's petition for bankruptcy, and (ii) be construed to vest property in the Reorganized Debtor that was subject to a lien as of the date of the filing of Debtor's petition for bankruptcy.

**5.2 Continuation of Business Operations**

The Debtor will continue its business operations after confirmation.

**5.3 Management of the Reorganized Debtor**

Debtor plans to finance its repayment plan of reorganization through continued operation of its wholesale auto parts sales business. Mohammad H. Samana will continue to manage the Debtor.

**5.4 Discharge of Debtor and Injunction**

Except as otherwise provided in the Plan, the entry of the Confirmation Order, as of the Effective Date, will act as a complete discharge of all Claims against the Debtor of any nature at all, including, without limitation, any liability of a kind specified in sections 502(g), 502(h) or 501(I) of the Bankruptcy code, that arose, or has been asserted against the Debtor any time before the Effective Date or that arises from any pre-confirmation conduct of the Debtor whether or not the Claim is known to or knowable by the current or any former holder of the Claim. The discharge of the Debtor will be effective as to

each Claim whether or not the Claim constituted an Allowed Claim and whether or not the holder of the Claim voted to accept the Plan. In Addition, the Confirmation Order will operate as a general resolution with prejudice, as of the Effective Date, of all pending legal proceedings, if any, against the Debtor and its assets and properties and any proceedings not yet instituted against the Debtor and its assets and properties, except as otherwise provided in the Plan. As provided in section 524 of the Bankruptcy Code, the discharge operates as an injunction against the prosecution of any Claim so discharged. Except as otherwise expressly provided in the Plan or the Confirmation Order, all Persons who have held, hold, or may hold Claims against the Debtor or who have held, hold or may hold a Claim against the Debtor are permanently enjoined on and after the Effective Date from (a) commencing or continuing in any manner any action or other proceeding of any kind against the Debtor, or the Reorganized Debtor, or their property, with respect to any such Claim or Equity Interest, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order with respect to any such Claim against the Debtor, or the Reorganized Debtor, or their property, (c) creating, perfecting, or enforcing any encumbrance of any kind against the Debtor, or the Reorganized Debtor, or their property with respect to such Claim, and (d) asserting any right of subrogation of any kind against any obligation due the Debtor, or the Reorganized Debtor, or the property of the Debtor or the Reorganized Debtor with respect to any such Claim. Unless otherwise provided in the Plan or by order of the Bankruptcy Court, all injunctions or automatic stays provided for in this case pursuant to section 105, if any, or section 362 of the Bankruptcy Code or otherwise, and in existence on the Confirmation Date will remain in full force and effect until the Effective Date. Any claims against the Debtor's current or former officers, directors, employees and agents shall not be affected by the foregoing and shall not be discharged. In addition, the foregoing shall not in any way affect any causes of action available under Chapter 5 of the Bankruptcy Code. To the extent that the Texas State Comptroller has valid, enforceable setoff rights under applicable law, such setoff rights are expressly preserved.

**5.5 Continuation of Anti-Discrimination Provisions of Bankruptcy Code**

A governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, or discriminate with respect to such a grant against, the Debtor, the Reorganized Debtor, or another Person with whom the Debtor has been or is associated or affiliated, solely because of the commencement, continuation, or termination of the case or because of any provision of the Plan or the legal effect of the Plan, and the Confirmation Order will constitute an express injunction against any such discriminatory treatment by a governmental unit.

**5.6 Employment of Professionals and Experts**

The Reorganized Debtor may, but shall not be required to, consult with attorneys, accountants, appraisers, brokers or other parties necessary to assist in the proper administration of this Plan and the affairs of the Reorganized Debtor.

10

**5.7 General Powers**

The Reorganized Debtor shall have all of the rights, powers and privileges set forth in this Plan, the Confirmation Order or applicable corporate law. The officers of the Reorganized Debtor shall have the power to take all such actions as in their judgment are necessary and appropriate to effectuate the purposes of the Plan, including but not limited to each power expressly granted in the subsections below and any power reasonably incidental thereto. The officers of the Reorganized Debtor shall have the power to:

a. Make all distributions for or contemplated by this Plan.
b. Consistent with maintaining the value and liquidating the residual assets of the Reorganized Debtor, invest in time or demand deposits, including certificates of deposit issued by any bank approved as a depository institution by the United States Trustee's office, United States Treasury bonds and other securities guaranteed by the full faith and credit of the United States of America or any agency thereof. Any and all investment instruments must have a maturity of not more than six (6) months from the date of issuance.
c. Supervise and administer the resolution, settlement and payment of Claims and the distributions to the holders of Allowed Claims in accordance with this Plan.
d. Enter into any agreement required by or consistent with the Plan and perform all of his obligations thereunder.
e. Abandon any of the assets of the Reorganized Debtor is he concludes that such assets are of no benefit to the Creditors.
f. Market and sell the Debtor's assets in accordance with the exercise of prudent business judgment.
g. Participate in or initiate any proceedings before the Bankruptcy Court or any other court of appropriate jurisdiction and participate as a party or otherwise in any administrative, arbitrative or other nonjudicial proceeding and litigate claims on behalf of the Reorganized Debtor, including without limitation all causes of action under Chapter 5 of the Bankruptcy Code and all state and federal causes of action or any other litigation which constitute an asset of the Reorganized Debtor and pursue to settlement or judgment such actions.
h. Participate as a party-in-interest in any proceeding before the United States Bankruptcy Court involving the Chapter 11 Case.
i. Act in the name of or in the place of the Debtor in any action before the United States Bankruptcy Court or any other judicial or administrative body.
j. Select and employ such professionals, agent or employees as they deem necessary to assist in the administration of the affairs of the Reorganized Debtor and compensate such persons.
k. Hold any unclaimed distribution or payment to the holder of an Allowed Claim in accordance with this Plan.
l. Propose any amendment, modification or supplement to this Plan or the Reorganized Debtor's corporate governance documents.
m. Receive, conserve and manage the assets of the Reorganized Debtor and sell or otherwise dispose of such assets for a price and upon such terms and conditions as

|     |     |
| --- | --- |
|     | they deem most beneficial to the Creditors and execute such deeds, bills of sale, assignments and other instruments in connection therewith. |
| n.  | Open and maintain bank accounts on behalf of or in the name of the Reorganized Debtor. |
| o.  | Pay all taxes, make all tax withholdings and file tax returns and tax information returns and make tax elections by and on behalf of the Reorganized Debtor. |
| p.  | Pay all lawful expenses, debts, charges and liabilities of the Reorganized Debtor. |
| q.  | Enforce all provisions of this Plan. |
| r.  | Protect, perfect and defend the title to any of the assets of the Reorganized Debtor and enforce any bonds, mortgages or other obligations or liens owned by the Reorganized Debtor. |
| s.  | Carry insurance coverage, including insurance to protect the post-confirmation officers and directors against claims brought against the post-confirmation officers and directors acting in their capacities with the Reorganized Debtor, in such amounts as they deem advisable. |
| t.  | Establish such reserves for taxes, assessments and other expenses of administration of the Reorganized Debtor as may be necessary and appropriate for the proper operation of matters incident to the affairs of the Reorganized Debtor. |
| u.  | Exercise such other powers and duties as are necessary or appropriate in his discretion to accomplish the purposes of the Plan. |

### 5.8    Limitations on the Powers of the Reorganized Debtor's Management

Notwithstanding anything in this Plan to the contrary, and only with a Bankruptcy Court Order entered after notice and hearing, may the Reorganized Debtor's management:

a.   Modify and amend this Plan, except in the manner set forth herein.

b.   Loan Available Cash or any of the assets of the Reorganized Debtor to any officer, manager or partner.

c.   Make any compromise regarding the amount of any payment due to the Reorganized Debtor, agree to a discounted payment on any obligation to the Reorganized Debtor, or sell any obligation to the Reorganized Debtor, if the compromise, discount or sale results in payments to the Reorganized Debtor in an amount that is 30% less than the amount at which such payment or obligation could otherwise be prepaid.

d.   Settle any claim objection, which settlement results in cumulative payments of more than $10,000.

e.   Settle any lawsuit or adversary proceeding commenced against the Reorganized Debtor which settlement results in cumulative payments of more than $10,000.

f.    Sell the real property of the Debtor.

g.   Refinance the real property of the Debtor.

### 5.9 Records

The Reorganized Debtor shall maintain books and records relating to the affairs of the Reorganized Debtor, and all expenses incurred by or on behalf of the Reorganized Debtor. The Reorganized Debtor shall also maintain records relating to all distributions either required to be made or effectuated under this Plan.

### 5.10 Effectuating Documents and Necessary Authorizations

The Plan Documents, which consist of all documents and exhibits that aid in effectuating the Plan will be executed and, if appropriate, filed with the appropriate governmental authorities on or before the Effective Date of the Plan, and they will become effective on the Effective Date of the Plan. The officers of the Reorganized Debtor will have authority to execute, deliver, file, or record such contracts, instruments, releases, indentures, and other agreements or documents and take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan. The Reorganized Debtor, if and to the extent necessary, will seek such orders, judgments, injunctions, regulatory approvals, and rulings that may be required to carry out and further the intentions and purposes, and give full effect to the provisions of the Plan.

### 5.11 Reliance by Officer and Management

The Reorganized Debtor's Officers may relay, and shall be fully protected in acting or refraining from acting, upon any resolution, statement, certificate, instrument, opinion, report, notice, request, consent, order or other instrument or document which he reasonably believes to be genuine and to have been signed or presented by the proper party or parties or, in the case of cables, telecopies and telexes, to have been sent by the property party or parties, and the Reorganized Debtor's officers may conclusively rely as to the truth of the statements and correctness of the opinions expressed therein. The Reorganized Debtor's officers may consult with counsel, and any opinion of counsel shall be full and complete authorization and protection in respect of any action taken or suffered by him in accordance therewith.

## 6. CLAIM OBJECTION PROCEDURES

### 6.1 Objection Deadline and Process

The Reorganized Debtor shall have the exclusive right to object to the allowance of any Claims provided for under the Plan. All Claim objections must be filed within 120 days after the Effective Date of the Plan. All requests for a determination under 11 U.S.C. § 505 must be filed within 120 days after the Effective Date of the Plan.

### 6.2 Provisions Governing Distributions

No distributions shall be made to any Class until all of the Claims in that class are resolved and an Allowed Amount is reached either by agreement or by Court Order.

Subject to Bankruptcy Rule 9010, distributions to holders of Allowed Claims will be made at the address of each such holder as set forth on the proofs of claim filed by such holders, or at the last known address of such holder if no proof of claim is filed or if the Debtor has been notified in writing of a change of address. If any holder's distribution is returned as undeliverable, no further distributions to such holder will be made unless and until the Reorganized Debtor is notified in writing of such holder's then current address. All claims for undeliverable distributions must be made on or before the later of the first the anniversary of the Effective Date of the Plan, or the ninetieth (90) day following the date on which such Claim is allowed. After such date, all unclaimed distributions will revert to the Debtor, and the Claim of any holder with respect to such distribution will be discharged and forever barred. Checks issued in respect of Allowed Claims will be null and void if not negotiated within six (6) months after the date of issuance thereof.

## 7. EFFECT OF REJECTION BY ONE OR MORE CLASSES OF CLAIMS

### 7.1 Impaired Classes to Vote

Each impaired class of Claims and Interests shall be entitled to vote separately to accept or reject the Plan. A holder of a Disputed Claim which has not been temporarily allowed for purposes of voting on the Plan may vote only such Disputed Claim in an amount equal to the portion, if any, of such Claim shown as fixed, liquidated and undisputed in the Debtor's Schedules.

### 7.2 Acceptance by Class of Creditors

A class shall have accepted the Plan if the Plan is accepted by at least two-thirds (2/3) in amount and more than one-half (1/2) in number of the Allowed Claims of such class that have voted to accept or reject the Plan.

### 7.3 Reservation of Cramdown Rights

In the event that any impaired class shall fail to accept this Plan in accordance with section 1129 (a) of the Bankruptcy Code, the Debtor reserves the right to request the Bankruptcy Court to confirm the Plan in accordance with the provisions of section 1129(b) of the Bankruptcy Code.

## 8. EFFECT OF CONFIRMATION

### 8.1 Legally Binding Effect

The provisions of this Plan shall bind all Creditors and Interest Holders, whether or not they accept this Plan. On and after the Effective Date, all holders of Claims shall be precluded and enjoined from asserting any Claim against the Debtor or its assets or properties based on any transaction or other activity of any kind that occurred prior to the Confirmation Date except as permitted under the Plan.

### 8.2 Revesting of Property in the Debtor

Upon the Effective Date of the Plan, all remaining property of the Estate shall vest in and become property of the Reorganized Debtor.

### 8.3 Liens, Claims and Encumbrances

Except as otherwise specifically provided in this Plan, or in the Confirmation Order, on the Effective Date of the Plan all property vesting in and becoming property of the Reorganized Debtor shall be free of all liens, claims and encumbrances.

### 8.4 Injunction

Except as otherwise provided in the Plan, holders of Claims are enjoined from threatening, commencing or continuing any lawsuit or other legal or equitable action against the Debtor, or its property to recover any Claim or Interest.

### 8.5 Causes of Action

All claims and causes of action, including but not limited to claims recoverable under section 550 of the Bankruptcy Code are hereby preserved and retained for enforcement by the Reorganized Debtor after the Effective Date.

## 9. RETENTION OF JURISDICTION

### 9.1 Exclusive Bankruptcy Court Jurisdiction

The Bankruptcy Court shall retain and have exclusive jurisdiction over the Chapter 11 Case for the following purposes after the Effective Date:

**9.2** to insure that the purpose and intent of the Plan are carried out;

**9.3** to consider any modification of the Plan under section 1127 of the Bankruptcy Code before substantial consummation as defined in section 1101(2) of the Bankruptcy Code;

**9.4** to hear and determine all Objections to Claims, controversies, motions, applications, suits and disputes that may be pending at or initiated after the Effective Date;

**9.5** to classify the Claims of any creditor and to re-examine Claims which have been allowed for purposes of voting, and to determine Objections which may be filed to Claims;

**9.6** to hear, determine, and enforce all claims and causes of action which may exist on behalf of the Debtor or its Estate, including but not limited to all causes of action available to the Debtor under Chapter 5 of the Bankruptcy Code;

**9.7** to consider and act on the compromise and settlement of any Claim against or cause of action on behalf of the Debtor or the Estate;

**9.8** to hear and determine all controversies, suits, and disputes that may arise in connection with the interpretation, execution, or enforcement of the Plan;

**9.9** to hear and determine all requests for compensation and/or reimbursement of expenses for services rendered or expenses incurred prior to the Effective Date which may be made after the Effective Date of the Plan;

**9.10** to enforce and interpret by injunction or otherwise the terms and conditions of the Plan;

**9.11** to enter an order closing the Chapter 11 Case;

**9.12** to correct any defect, cure any omission, or reconcile any inconsistency in the Plan or Confirmation Order which may be necessary or helpful to carry out the purposes and intent of the Plan;

**9.13** to consider and act on such other matters consistent with the Plan as may be provided in the Confirmation Order;

**9.14** to issue orders in aid of execution and implementation of this Plan to the extent authorized by 11 U.S.C. § 1142 or provided by the terms of this Plan; and

**9.15** to decide issues concerning the Federal or state tax liability of the Debtor or the Reorganized Debtor which may arise in connection with the confirmation or consummation of this Plan.

## 10. LIMITATION ON JURISDICTION

In no event shall the provisions of this Plan be deemed to confer in the Bankruptcy Court jurisdiction greater than that established by the provisions of 28 U.S.C. §§ 157 and 1334.

## 11. CONDITIONS TO CONFIRMATION AND CONSUMMATION OF PLAN

### 11.1 Conditions to Confirmation of Plan

The Plan will not be effective unless (a) the Confirmation Order becomes a Final Order, and, (b) all Plan Documents and other applicable corporate documents necessary or appropriate to the implementation of the Plan have been executed, delivered, and where applicable, filed with the appropriate governmental authorities.

### 11.2 Annulment of Plan if Conditions Not Waived or Satisfied

The Debtor reserves the right to waive any of the conditions precedent to the effectiveness of either the Confirmation Order or the Plan. If any of the conditions precedent are not waived, and are not satisfied within the specified time periods or can no longer occur, the Confirmation Order will be annulled and the Debtor and all parties in interest will return to the status quo ante immediately before the entry of the Confirmation Order.

## 12. MISCELLANEOUS PROVISIONS

### 12.1 Payment of Fees

The Reorganized Debtor shall timely pay post-confirmation quarterly fees assessed under 28 U.S.C. § 1930(a)(6) until such time as the Bankruptcy Court enters a final decree closing this Chapter 11 case, or enters an order either converting this case to a case under Chapter 7 or dismissing this case. After confirmation, the Reorganized Debtor shall file with the Bankruptcy Court and shall transmit to the United States Trustee and true and correct statement of all disbursements made by the Reorganized Debtor for each quarter, or portion thereof, that this Chapter 11 case remains open.

### 12.2 Compliance with Tax Requirements

In connection with this Plan, the Debtor shall comply with all withholding and reporting requirements imposed by federal, state, and local taxing authorities, and Distributions hereunder shall be subject to such withholding and reporting requirements.

### 12.3 Method of Surrender

In the event that any property is surrendered pursuant to this Plan, the surrender shall be effective by the filing of a notice with the Clerk within 30 days of the Effective Date reflecting the Debtor's intent to surrender the property.

### 12.4 Amendment of the Plan

This Plan may be amended or modified by the Debtor before, or by the Reorganized Debtor after, the Effective Date as provided in section 1127 of the Bankruptcy Code.

### 12.5 Withdrawal of Plan

The Debtor reserves the right to withdraw this Plan at any time prior to the Confirmation Date. If the Debtor withdraws this Plan prior to the Confirmation Date, or, if the Confirmation Date or the Effective Date does not occur, then this Plan shall be deemed null and void. In such event, nothing contained herein shall be deemed to constitute an admission, waiver or release of any Claims by or against the Debtor or any other person,

or to prejudice in any manner the rights of the Debtor, the Debtor's estate or any person in any further proceedings involving the Debtor.

**12.6 Notices**

Any notices required to be given under this Plan shall be in writing. Any notice that is allowed or required hereunder except for a notice of change of address shall be considered complete on the earlier of (a) three days following the date the notice is sent by United States mail, postage prepaid, or by overnight courier service, or in the case of mailing to a non-United States address, air mail, postage prepaid, or personally delivered; or (b) the date the notice is actually received. Notices shall be sent to:

(a)
If to the Debtor, at:
TRANS WORLD SERRVICES, INC.
c/o Law Office of Nelson M. Jones III
440 Louisiana, Suite 1575
Houston, Texas 77002

(b)
If to the U.S. Trustee, at:
United States Trustee's Office
515 Rusk, Suite 3516
Houston, TX 77002

(c)
If to any Creditor in its capacity as such, at its address or facsimile number as reflected on its proof of claim or Notice of Appearance, if any.

(d)
To any counsel for the Reorganized Debtor at such address or facsimile number as provided by the Reorganized Debtor.


**12.7. Due Authorization by Creditors**

Each and every Creditor who elects to participate in the Distributions provided for herein warrants that it is authorized to accept in consideration of its Claim against the Debtor the Distributions provided for in this Plan and that there are no outstanding commitments, agreements, or understandings, express or implied, that may or can in any way defeat or modify the rights conveyed or obligations undertaken by it under this Plan.

**12.8 Filing of Additional Documentation**

On or before the Effective Date, the Debtor may file with the Bankruptcy Court such motions seeking authority to sell its assets or the refinance its assets or agreements and

other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of this Plan.

**12.9 Implementation**

The Debtor and the Reorganized Debtor shall be authorized to perform all reasonable, necessary and authorized acts to consummate the terms and conditions of the Plan, save and except the Debtor and the Reorganized Debtor shall seek and obtain Court approval for any sale or refinance of its property.

February 1, 2019

Respectfully submitted,

| | |
|---|---|
| */s/ Nelson M. Jones III* | */s/ Mohammad H. Samana* |
| Nelson M. Jones III | Mohammad H. Samana, Manager |
| SBN 10973400 | |
| 440 Louisiana, Suite 1575 | |
| Houston, Texas 77002 | |
| (713) 236-8736 | |
| (713) 236-8990 (fax) | |
| njoneslawfirm@aol.com | |